**ASOMA CORPORATION,**
**Plaintiff–Appellant,**

v.

**M/V LAND, HER ENGINES, BOILERS, TACKLE, ETC., Western Bulk Carriers A/S, Pankar Maritime S.A., and Stingray Maritime S.A., Defendants–Appellees.**

**Docket No. 02–7186.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2002.

Steven P. Calkins, Kingsley, Kingsley & Calkins, Hicksville, NY, for appellant.

Edward A. Keane, Mahoney & Keane, LLP, New York, NY, (Garth S. Wolfson, on the brief), for appellee.

Present JACOBS, POOLER, Circuit Judges, and BAER, Jr.,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Asoma Corporation ("Asoma") appeals from a final judgment after a bench trial in the United States District Court for the Southern District of New York (James C. Francis IV, M.J.) dismissing Asoma's complaint against defendants-appellees Western Bulk Carriers, Pankar Maritime, S.A., Stingray Maritime, S.A., and the M/V Land (collectively, "Defendants"). Asoma sued under the Carriage of Goods by Sea Act, 46 App.U.S.C. § 1300 *et seq.* ("COGSA"), alleging damage to packaged steel coils (the "Coils") that Asoma had shipped from Turkey to the United States aboard the M/V Land. The district court held that Asoma failed to establish a *prima facie* case because it put forth insufficient evidence of (a) delivery in good condition, and (b) outturn in damaged condition. The court also held that Asoma failed to otherwise prove that Defendants had damaged the Coils.

On appeal, Asoma argues that (1) the district court misapplied the burden of proof under COGSA in holding that a "clean" bill of lading did not satisfy Asoma's burden of showing delivery of the Coils in good condition, and (2) the district court clearly erred in finding that there was insufficient evidence of damage by water at outturn and insufficient evidence that the damage must have occurred at sea.

We affirm for substantially the reasons stated in the District Court's opinion. *See Asoma Corp. v. M/V Land,* 01–Civ–1000, 2002 WL 202170 (S.D.N.Y. Feb. 7, 2002).

"A plaintiff-consignee establishes a prima facie case for recovery under COGSA by demonstrating that the goods were damaged while the in the defendant carrier's custody." *Bally, Inc. v. M.V. Zim America,* 22 F.3d 65, 68 (2d Cir.1994). That initial burden may be met by proof of (1) delivery of the goods to the carrier in good condition, and (2) outturn by the carrier in damaged condition. *Westway*

---

* The Honorable Harold Baer, Jr., District Judge of the United States District Court for the Southern District of New York, sitting by designation.

*Coffee Corp. v. M.V. Netuno*, 675 F.2d 30, 32 (2d Cir.1982). "Once the plaintiff has made out a prima facie case, however, the burden shifts to the defendant(s) to show that one of the statutory COGSA exceptions to liability exists." *Transatlantic Marine Claims Agency, Inc. v. M/V "OOCL Inspiration"*, 137 F.3d 94, 98 (2d Cir.1998) (citing 46 App.U.S.C. § 1304(2)).

1. In general, a clean bill of lading will serve as *prima facie* proof of receipt by the carrier of the goods in good condition. *See Transatlantic*, 137 F.3d at 98. "A clean bill of lading does not, however, constitute prima facie evidence of the condition of the goods shipped in sealed packages where the carrier is prevented from 'observing the damaged condition had it existed when the goods were loaded.'" *Bally*, 22 F.3d at 69 (*quoting Caemint Food, Inc. v. Brasileiro*, 647 F.2d 347, 352 (2d Cir.1981) (Friendly, J.)); *see Transatlantic*, 137 F.3d at 97 n. 3 ("[T]he clean-bill-of-lading presumption of delivery in good condition is qualified in containerization and other such cases where an inspection on issuance of the bill is necessarily limited."); *Associated Metals & Minerals Corp. v. M/V Olympic Mentor*, 93–Civ–4330, 1995 WL 794062, 1997 A.M.C. 1140, 1146 (S.D.N.Y. Dec. 20, 1995) ("A bill of lading, however, is only prima facie evidence of the condition of so much of the goods as is visible to the carrier.... Where cargo damage may have resulted from a hidden defect, the burden is on the plaintiff to establish that the cargo was delivered in good condition."); *see also* 46 App.U.S.C. § 1303(3)(c) ("[N]o carrier, master, or agent of the carrier, shall be bound to state or show in the bill of lading any marks, number, quantity, or weight which he has reasonable ground for suspecting not accurately to represent the goods actually received, or which he has *no reasonable means of checking.*" (emphasis added)).

The Coils were packaged and the Bill of Lading therefore did not establish the condition of the Coils themselves, as opposed to the condition of their packaging. Asoma adduced no other evidence to establish receipt in good condition.

2. Under COGSA, a plaintiff who fails to give notice of damage within three days of receipt is burdened by a presumption of arrival in good condition. 46 App.U.S.C. § 1303(6); *Transatlantic*, 137 F.3d at 98. Asoma does not dispute the district court's finding that it did not give notice until almost a month after it received the Coils. Faced with a presumption of arrival in good condition, Asoma provided insufficient evidence to rebut that presumption.

While a plaintiff can prevail under COGSA by "producing sufficient evidence that the nature of the damage suffered indicates that the damage occurred while the cargo was in the carrier's custody," *Caemint*, 647 F.2d at 355, the district court found that the "damage sustained was not sufficiently unique that it can necessarily be causally linked to [Defendants' negligence]." 2002 WL 202170, at *4. Asoma fails to point to evidence to support its assertion that this finding is clearly erroneous.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.